12-2456-cv
Data & Development, Inc., v. InfoKall, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand thirteen.

PRESENT:    JOHN M. WALKER, JR.,
            ROBERT D. SACK,
            GERARD E. LYNCH,

                           *Circuit Judges.*

_____

DATA & DEVELOPMENT, INC.,

                           *Petitioner - Appellee*,

          v.                                    No. 12-2456-cv

INFOKALL, INC.,

                           *Respondent - Appellant.*

_____

FOR APPELLANT:      JEFFREY S. MANDEL, PinilisHalpern, LLP, Morristown, New Jersey.

FOR APPELLEE:       NEAL BRICKMAN, Law Office of Neal Brickman, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the May 17, 2012 judgment of the district court is AFFIRMED.

Respondent-appellant InfoKall, Inc. appeals from the judgment of the district court affirming an arbitration award in favor of petitioner-appellee Data & Development, Inc. ("D&D"). InfoKall argues that the arbitrator manifestly disregarded New York law by awarding lost profits to D&D without sufficient evidence. We disagree.

When reviewing a district court's decision to confirm an arbitration award, we review questions of law de novo and findings of fact for clear error. Telenor Mobile Commc'ns AS v. Storm LLC, 584 F.3d 396, 408 (2d Cir. 2009). We will vacate an arbitration award for manifest disregard of the law only if the arbitrator ignored or improperly applied clear and explicitly applicable law to the matter before it, leading to an erroneous outcome. T. Co. Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010). When an arbitrator does not explain its decision, "we will confirm it if a justifiable ground for the decision can be inferred from the facts of the case." Id. (internal quotation marks omitted).

Here the arbitrator issued its award without explanation, as the parties themselves had expressly requested, but we can infer from the award amount that it granted D&D five years of lost profits, minus the amount D&D owed InfoKall for its own breach. Such a calculation is consistent with evidence presented at the hearing, including the testimony of D&D's principal, of lost profits from InfoKall's breach. New York law allows for recovery of lost

profits in actions for breach of contract, as long as they are proven with reasonable certainty. See Kenford Co. v. Erie County, 67 N.Y.2d 257, 261 (1986). Since New York law does not absolutely prohibit such damages, we cannot say that the arbitrator's decision was in manifest disregard of this rule. InfoKall's argument amounts to an attack on the arbitrator's decision to credit D&D's witness. But we apply the manifest disregard of the law standard to the facts of the case, "*as those facts have been determined by the arbitrator*." Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 213 (2d Cir. 2002) (emphasis in original). An arbitration award may not be vacated because of disagreement with the arbitrator's evaluation of the evidence.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court